IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Ileana B.S.[1],<br><br>Plaintiff,<br><br>v.<br><br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL NO. 22-1631 (GLS) |

**ORDER**

Plaintiff Ileana B.S. filed a Complaint seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. Docket No. 3. The Commissioner asked for an extension of time to submit an answer to the Complaint, which the Court granted. Docket Nos. 11-12. However, the Commissioner later moved the Court to enter an order reversing its final decision and remanding Plaintiff Ileana B.S.'s case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docket No. 17.

On June 15, 2023, Plaintiff moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Docket No. 20. Under section 2412(d)(1)(A) of the EAJA, a court shall award to a prevailing party, other than the United States, fees and other expenses incurred by that party in any civil action brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. See 28 U.S.C. § 2412(d)(1)(A). Eligibility for a fee award in any civil action under the EAJA requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no special circumstances make an award unjust; and (4) that any fee application be submitted to the court within 30 days of final judgment, supported by an itemized statement as required by 28 U.S.C. § 2412(d)(1)(B). See Comm'r I.N.S. v. Jean, 496 U.S. 154, 158 (1990). Plaintiff sustains that she complied with all the statutory requirements under the EAJA for the award of attorney's fees. Id.

---

[1] Plaintiff's last name is omitted for privacy reasons.

On May 30, 2023, the parties filed a consent motion informing the Court that, after engaging in settlement discussions, the parties agreed to a negotiated fee in the amount of $8,000.00. Docket Nos. 21-23. Such award is made in full satisfaction of any and all claims for fees, expenses, and costs. The parties also agreed that fees may be paid to Plaintiff's attorney if Plaintiff agrees to assign the fees to her attorney and provided that Plaintiff owes no debt to the Federal Government that is subject to offset under the U.S. Treasury Offset Program. Docket No. 21.

On December 20, 2022, this case was referred to the undersigned for disposition. Docket Nos. 7-8. Considering that the parties reached an agreement as to the amount to be paid pursuant to the EAJA (Docket No. 21), the Court **GRANTS** Plaintiffs' request for attorney's fees against the United States of America in the amount of **$8,000.00**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of January 2024.

s/Giselle López-Soler  
GISELLE LÓPEZ-SOLER  
United States Magistrate Judge